# LAW OFFICES OF
# MANOTTI L. JENKINS, LTD.

INTELLECTUAL PROPERTY • LITIGATION • TRANSACTIONS • ENTERTAINMENT

May 31, 2024

**VIA FIRST CLASS MAIL**

Jennifer Newstead, Esq.
Chief Legal Officer
Meta Platforms, Inc.
1 Hacker Way
Menlo Park, CA 94025

**Re:    Disabled Instagram Account of Tamia Haskins (tamiahaskins)**

Dear Ms. Newstead:

This law firm represents Tamia Haskins (tamiahaskins). Ms. Haskins has been a member of the Instagram (IG) community since 2013.

In April 2024, Ms. Haskins's IG account was disabled, allegedly for violating IG's Community Guidelines. Ms. Haskins requested a review of that decision on April 24, 2024, and on that same day, IG reinstated her account, commenting as follows: "We reviewed your account and found that the activity on it *does* follow our Community Guidelines on account integrity and authentic identity, so you can use Instagram again." (emphasis added) On May 17, 2024, Ms. Haskins's IG account was again disabled. It is this latest decision to disable her account that we are hereby challenging on her behalf, based on Pennsylvania law.

As a matter of background, Ms. Haskins is the younger sister of the late Dwayne Haskins, Jr., who was an NFL football player for the Pittsburgh Steelers. Mr. Haskins died on April 9, 2022, in a tragic automobile accident on a Florida highway. At the time of his sudden death, Mr. Haskins was domiciled in the State of Pennsylvania. Ms. Haskins was extremely close to her older brother. Based on our analysis of the facts, Ms. Haskins has posted photographs of her and her brother, as well as other public interest items, including a specific section of a letter that Mr. Haskins wrote to his family in 2021, entitled "Who I want to be."

It appears that Ms. Haskins's IG account was taken down as a result of a challenge by someone based upon a misapplication of Pennsylvania's Right of Publicity statute, 42 Pa. Cons. Stat. § 8316. The statute protects "[a]ny natural person whose name or likeness has commercial value and is used for any commercial or advertising purpose." The term "natural person" is defined as "a living

601 Pennsylvania Avenue,
N.W., South Building,
SUITE 901
WASHINGTON, DC 20004
**OFFICE/CELL: 202.760.1457**

161 North Clark Street,
SUITE 1700
CHICAGO, IL 60601
**OFFICE/CELL: 312.208.9537**

National Toll-Free: **844 MLJLAW1  844.655.5291**  •  FAX: **872.228.8153**
mj@mljlawoffices.com  •  www.mljlawoffices.com

Jennifer Newstead, Esq.
May 31, 2024
Page 2

person or a deceased person who was domiciled within [Pennsylvania] at the time of such person's death." § 8316(e).

It appears that a major reason Ms. Haskins's account was challenged and ultimately disabled by IG was because of her posting of the portion of the "Who I want to be" letter that Mr. Haskins wrote to his family in 2021. Ms. Haskins posted the following statement on IG:

> **Today, May 3, Dwayne would have been 27 years old. To celebrate his birthday, I wanted to create a piece to honor him. In the last year of his life, Dwayne wrote a letter titled, "Who I want to be" and shared it with me. It's an honor to share how Dwayne saw himself. Dwayne wrote, "So the man that I am now, he's accountable, he's god-fearing, he's hard-working, he's a competitive freak, a loving son, a goofy brother, a caring friend, and a compassionate partner." The quote is how he wants to be remembered. "Who I want to be" is just a small token of appreciation for the light Dwayne was not only in my life but everyone's. . . . Happy Birthday, Bud; you will always be my Goofy Brother. I love you for eternity.**

Ms. Haskins also posted an image of custom football leather, her favorite photo of her brother, and her handwriting and the handwriting of her mother.

The reason the challenge to Ms. Haskins's IG posts was misguided and based on a misapplication of Pennsylvania law is that, aside from the fact that Ms. Haskins is entitled to post on IG appropriate and respectable information about her brother, Pennsylvania Right of Publicity law includes a "fair use" exception to application of the statute. Specifically, the Pennsylvania statute does not prevent the use of a famous person's name or likeness if the name or likeness is presented in association with a matter that has a *public interest*. 8316(e)(2). The sports consuming public, as well as the general public, is interested in the thoughts that a deceased, famous professional football player had about his life. Moreover, it is certainly "fair use" for a family member of a famous person to post her favorite photograph of her brother for public consumption, in association with a tribute to him. Furthermore, nothing about Ms. Haskins's quotation of her brother defames his character or his legacy; to the contrary, it is a positive reflection of the inner thoughts of her brother that the public appreciates and finds interesting. Finally, nothing that Ms. Haskins has posted about her brother has been "for any commercial or advertising purpose," as required by the referenced Pennsylvania law. Therefore, Ms. Haskins has not violated Pennsylvania law or any other law that relates to sharing information about her beloved brother on IG.

It is also important that IG immediately restore Ms. Haskins's account for the following reasons:

(1) The disabling of Ms. Haskins's IG account has adversely affected her livelihood as her clients have been unable to reach her or to see her work; and

(2) She no longer has access to the past direct messages (DMs) that she shared with her deceased brother or any private social interactions they enjoyed on IG throughout the years. This has exacerbated the level of emotional distress and pain that she is suffering.

Accordingly, on behalf of our client, Ms. Haskins, we are requesting that IG immediately reinstate her IG account. You may contact us at (202) 760-1457 or at mj@mljlawoffices.com if you would like to discuss this matter further.

Jennifer Newstead, Esq.
May 31, 2024
Page 3

Thank you.

Sincerely,

/s/ Manotti L. Jenkins

Manotti L. Jenkins

cc: Ms. Tamia Haskins